HEARD APRIL TERM, 1879.

CASE No. 738.

THE STATE, EX REL. JAMES E. ATKINS, v. TOWN OF MAYS-
VILLE.

1. A municipal corporation has no power to levy taxes without express authority granted in its charter for that purpose.
2. *Query :* Can a municipal body be compelled by *mandamus* to levy a tax to pay judgments recovered against it ?

This was an original application to the Supreme Court for a writ of *mandamus* to compel the corporate authorities of the town of Maysville, a municipal corporation, to levy a tax upon all of the taxable property within the town, to satisfy a judgment recovered by the relator against the town of Maysville, payment of which could not be enforced under the ordinary process of the Circuit Court. The charter of this town is silent upon the subject of taxation.

*Mr. J. S. G. Richardson,* for relator.

*1. The charter of the town of Maysville is silent upon the subject of taxation; it neither denies the right, nor does it, in terms, confer it. For charter, see *Acts of 1874, p.* 551.

2. The action in this case was to enforce an obligation, arising not *ex contractu* but *ex delicto.*

That the charter is silent as to the power to tax for the purpose of satisfying obligations of that class, can hardly make any difference. Such power is never conferred in express terms; but we submit that in all cases it arises by necessary implication from the mere fact of corporate existence. Damages are, in their nature, penal—are often given for the purpose of punishing the offender—and can it be supposed that the legislature ever intended, in giving corporate existence to a body of men, that they, as an ideal whole, should escape the consequences of its *delicts* and other offences, whether public or private.

The legislature confers the corporate existence, and by its general laws commands it to commit no trespasses upon the rights of others. The sanction of the general law is the damage imposed for the breach of the command. It would be doing great injustice to the legislature to suppose that it deliberately and purposely intended to throw a shield over the corporation and thereby protect it from the sanctions which the general law imposes.

That the authority of a municipal corporation to impose taxes may arise by implication, is clear from many authorities, a good many of which may be found in the reports of the Supreme Court of the United States, from 23 *How.* to the present time.

---

* This is the last argument made by Mr. Richardson in the Supreme Court.

We contend that the right to tax to pay damages recovered in actions *ex delicto* is never expressly conferred, but arises in all cases by implication; and we would go farther, and if necessary contend—if the legislature should ever, in terms, deny the right—that it would be the duty of the courts to declare the provision void, according to those principles of right and justice which are supposed to underlie all laws, which Lord Coke mentions, and which are set forth and approved by the court in *Ham* v. *McLaws*, 1 *Bay* 97; or it may be under a provision of the constitution, which we will now proceed to notice.

Article IX., Section 8, after providing that the corporate authorities of cities, towns, &c., may be vested with power to assess and collect taxes for corporate purposes, adds, " and the general assembly shall require that all the property, except that heretofore exempted within the limits of municipal corporations, shall be taxed for the payment of debts contracted under the authority of law." There cannot be a doubt, it seems to me, that every debt contracted by a corporation comes within the protection of this provision of the constitution; for how can a debt exist unless it be contracted by authority of law.

If a corporation should go through the form of contracting a debt, that form would amount to nothing, unless the authority to contract it existed; it would be a mere form and nothing more; or, in other words, there would be no debt. But even in such a case as that, if the corporation should be sued in some high court of general jurisdiction for the purpose of enforcing the supposed obligation, and judgment should be rendered against it, would not the obligation arising out of the judgment be a debt contracted by authority of law? The defendant would certainly be estopped from denying the validity of the original supposed obligation which now, under the authority of the law itself, has become *res adjudicata*, settling the question for all time to come. But whether this be true or not, as to void or voidable obligations arising in form *ex contractu*, it must be true as to obligations arising *ex delicto*. Obligations of this latter class arise from acts which the corporation, from the mere fact of its existence as a corporation, has capacity to commit. If it commits the act, the law imposes the obligation to pay the penalty—that is,

the damages which a jury may give, and when an action is brought by the injured party and judgment is recovered therein, the original obligation arising *ex delicto* merges in the judgment, and a new obligation arising *quasi ex contractu* is created by the judgment—this new obligation is a debt fixed and liquidated; it is a debt contracted by authority of law, to be enforced under the section of the constitution above cited, by taxes to be assessed and collected for that purpose.

But, if the constitution contained no such provision as that found in Article IX., Section 8, can there be a doubt that the authority as well as the duty to levy and collect taxes for the payment of obligations arising *ex delicto*, exists by implication. We cannot see how there can be a doubt about it.

To insert in a charter that the corporation shall satisfy its obligations *ex delicto* by imposing taxes for the purpose, would be to assume that the corporation is likely to incur such obligations. That would hardly be proper, and all such charters are, therefore, very properly silent upon the subject.

Our propositions, then, are—

1. That under the constitution of this state all debts contracted by a municipal corporation, when authorized by the charter, either by express terms or by necessary implication, must be paid by taxation, and that *mandamus* is the proper remedy to compel the corporation to levy the taxes. See *Const., Art. IX.,* § 8; *Com'rs of Knox Co.* v. *Aspinwall,* 24 *How.* 376; *Walkley* v. *City of Muscatine,* 6 *Wall.* 481.

2. Where the charter does not deny the authority to tax, but merely ignores it, and the corporation is expressly authorized to contract a debt for any special purpose, nothing being said as to how the debt is to be paid, but the right to tax for its payment is not denied, then the debt is contracted by authority of law and must be paid by taxation.

3. Where the authority to contract a debt is conferred upon the corporation, but the authority to tax for its payment is expressly denied, as a general rule it may be said the debt would be null and void. *Loan Association* v. *Topeka,* 20 *Wall.* 655. But in this state, under the constitution, (Art. IX., § 8,) it would

seem not that the debt contracted by the corporation, but that the denial of the authority to tax, is void.

4. Obligations arising *ex delicto* stand upon a very different footing from those arising *ex contractu*. They can only be enforced, in the first instance, by an action at law. When judgment is recovered and the damages fixed and ascertained by the verdict, the obligation arising *ex delicto* is merged in the judgment, it becomes, in the language of the ancient jurists, an obligation arising *quasi ex contractu*—an obligation to be enforced, it may be, in the first instance, by execution against property under the judgment; but certainly by equal and just taxation, as directed by the constitution, and where neither the act of the legislature nor an ordinance of the town authorizes the levying of the tax, it is the duty of the court, by its writ of *mandamus*, to compel the corporation to make the assessment and levy the tax.

*Mr. Joseph H. Earle*, for respondents.

Under our construction of the charter of the town of Maysville, it is not the duty of the respondents to levy a tax to satisfy the relator's judgment, nor, indeed, have they any power to levy a tax for any purpose whatever. But it is necessary to the issuance of this writ that two pre-requisites appear. First, the relator must show that he has a clear, legal right to the performance of the particular act or duty at the hands of the respondents; and, second, that the law affords no other adequate or specific remedy to secure the enforcement of the right and the performance of the duty it is sought to coerce. *High on Extra. Rem.,* § 10.

In the case at bar it must be admitted that there is, *at least,* much doubt and uncertainty as to the power of the respondents to levy a tax, since the charter is silent upon the subject; and where substantial doubt exists as to the duty whose performance it is sought to coerce, or as to the power of the officer to perform the duty, the relief will be withheld. *High on Extra. Rem.,* § 32; 24 *Tex.* 317; 2 *Chand.* 250.

We admit that *mandamus* may be the proper remedy to enforce the satisfaction of a judgment against a municipal corporation;

but it must appear that this duty is plainly and specifically imposed by law upon the corporate authorities to levy a tax for that purpose. 4 *Wall.* 435; 8 *Wall.* 575; *High on Extra. Rem.* 375; 35 *Me.* 345; 24 *Barb.* 166; 27 *Ark.* 457; *United States, ex rel.,* v. *Macon County,* (Supreme Court U. S., October Term, 1878.)

Are the respondents authorized to levy a tax? This is the one important question in this case. To ascertain this fact we must look to the charter of the town of Maysville. This is the organic law which gives to the corporation its existence and its character. It has no power except such as is conferred by the charter. 4 *Wait Actions and Defences* 601; 21 *Ohio* 273; 4 *Hill* 76; *Blackwell on Tax Titles* 448; 1 *Blackf.* 336; *Burroughs on Taxation* 371; 56 *Mo.* 126; 2 *Dill. on Mun. Cor.* 605; 1 *Id.,* § 336.

Being special grants of power, the charters of municipal corporations must be strictly construed. 35 *Miss.* 189; 29 *Cal.* 180. Any ambiguity or doubt arising out of the terms used must be resolved in favor of the public. 23 *How. U. S.* 435; 18 *Ohio* 523.

There must be a distinct legislative authority for every tax that is levied. This is a principle that admits of no exception whatever. *Cooley on Taxation* 244; 45 *Ind.* 310; 1 *Dill. Mun. Cor.,* § 55.

The charter of Maysville certainly contains no express authority for the performance of the duty sought to be imposed upon the respondents, nor does such authority arise anywhere from necessary implication. It is equally clear that this power is not essential to the declared object and purposes of this corporation.

It cannot, upon any theory of construction, be determined that this great and dangerous power, of which the courts can never be too jealous, was ever intended to be vested in this corporation; and, if not intended, then the power does not exist; for such corporations have no inherent power of taxation. 47 *Miss.* 367; 13 *Gratt.* 78, 98; 11 *Bush* 18; 5 *Gill* 383, 395; 19 *Wis.* 624; 21 *Gratt.* 604.

We do not for a moment deny that the legislature can compel

F

a municipal corporation to recognize and pay a debt contracted under authority of law, by levying a tax. This doctrine has long since been established. *Dill. on Mun. Cor., vol. I.,* § 44. But a petition to the legislature is a different proceeding from an application to this court for a writ of *mandamus.*

In our view of this case, it matters not whether the original obligation arose *ex delicto* or *ex contractu,* or whether the judgment be *ex contractu* or *quasi ex contractu.*

May 28th, 1879. The opinion was delivered

PER CURIAM. The relator asks a *mandamus* to compel the town of Maysville to levy a tax to pay the amount of a judgment recovered by the relator against said town. The only point discussed at bar is the power of the town of Maysville to levy taxes. It appears that no express authority is granted for that purpose in its charter. Such power can only be implied on the ground of necessary implication. To raise such an implication it would be necessary to hold that municipal powers cannot be effectively granted without the taxing power—a proposition that we cannot affirm; no such power of taxation can therefore be implied.

This is a sufficient answer to the relator's demand, and renders it unnecessary to decide the question already suggested in *State* v. *City of Columbia S. C.,** as not passed upon, namely, whether a municipal body can be compelled, by *mandamus,* to levy a tax to pay judgments recovered against it. That question was neither raised by the parties nor argued, and for that reason we do not feel bound to consider it.

The petition must be dismissed.

Petition dismissed.

* *Post* case No. 762.